UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ATLANTIC CASUALTY INSURANCE CO.,

                              Plaintiff,

        v.                                                    **DECISION AND ORDER**
                                                              11-CV-170S

THEODORE J. COFFEY d/b/a TJ COFFEY'S,
JAMES M. BURKE, and RICHARD FULLER,

                              Defendants.

## I. INTRODUCTION

Plaintiff, Atlantic Casualty Insurance Co. ("Atlantic"), brings this diversity action for a declaration that it is not obligated to defend or indemnify its insured, Defendant Theodore Coffey, in an underlying action in the Supreme Court, County of Erie.

Coffey presently seeks leave to file a second amended answer, adding a claim for fraud and reformation of contract. But before Coffey moved for leave to file a second amended answer, Atlantic had moved to dismiss his first amended answer, which contained a similar counterclaim; this Court never had an opportunity to address that motion. Thus, presently before this Court is Coffey's motion for leave to amend and Atlantic's motion to dismiss Coffey's fraud and reformation of contract counterclaim. (Docket Nos. 31, 24.)

1

## II. BACKGROUND

### A.     Facts[1]

The facts of this case are straightforward. Coffey, who has an insurance policy with Atlantic, owns a bar called TJ Coffey's, located in Buffalo, New York. (Complaint, ¶¶ 3,11.) On August 8, 2010, Richard Fuller filed a complaint in state court against Coffey and James Burke alleging that Burke assaulted Fuller while the two were patrons at TJ Coffey's. (Id., ¶ 9.) Fuller seeks damages from Coffey and Burke and, as a result, Coffey requested coverage under his policy. (Id., ¶¶ 10, 11.) But the policy has an exclusion for assault and battery claims, which serves as the basis for Atlantic's claim that it is not obligated to indemnify or defend Coffey. (Second Amended Answer, Exhibits A-C; Docket No. 31-1.)

### B.     Procedural History

Atlantic filed a complaint in this Court on March 1, 2011. (Docket No. 1.) Coffey filed his first answer on May 9, 2011. (Docket No. 8.) Atlantic responded with a motion to dismiss on May 31, 2011. (Docket No. 17.) Coffey then amended his answer on June 15, 2011 and, as a consequence, Atlantic filed an amended motion to dismiss on June 27, 2011. (Docket Nos. 22, 24.) On August 10, 2011, Coffey filed a voluntary dismissal of a counterclaim seeking punitive damages. (Docket No. 29.) Thereafter, Coffey filed a motion for leave to file a second amended complaint, seeking to add a claim for reformation of contract. (Docket No. 31.) This Court took the two outstanding motions under consideration

---

[1]Facts are taken from Atlantic's complaint and Coffey's second amended answer. For the purposes of resolving the motion to dismiss, those facts must be accepted as true. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

2

without oral argument.

## III. DISCUSSION

**A.    Rule 12(b)(6) and Rule15**

Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the court may deny a motion to amend for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

"An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002). On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts accept all factual allegations in the complaint as true and draw all reasonable inferences in the non-moving party's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). To survive a motion to dismiss, a plaintiff (or counter-plaintiff) must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L .Ed. 2d 929 (2007); see also Iqbal, 129 S.Ct. at 1950. In deciding a motion to dismiss or a motion to amend, the court may

consider, *inter alia*, documents that the plaintiff attached to the pleadings, documents referenced in the complaint, and documents that plaintiff relied on in bringing the action. Chambers, 282 F.3d at 152-153.

In this case, Coffey has attached and relied on several insurance policies that are integral to his counterclaim and are thus properly considered at this stage of the litigation.

## B.    Coffey's Motion for Leave to Amend & Atlantic's Motion to Dismiss

Coffey alleges that on at least two occasions, Atlantic issued him renewal policies that modified the terms of his insurance policy and that expanded the scope of the assault and battery exclusion, thus reducing Coffey's coverage.  He alleges that Atlantic failed to notify him of these changes and that such failure constitutes fraud, which in turn, requires, under New York law, that the contract be "reformed" to its original state.[2]

Atlantic argues that Coffey has inadequately pled his fraud claim under Federal Rule of Procedure 9(b) by failing to allege particular fraudulent acts that could support his claim. Because Atlantic argues that leave to amend would be futile – or in other words that his claims are dismissible under Rule 12(b)(6) – the resolution of both motions (to dismiss and for leave to amend) can be achieved with one analysis. See Dougherty, 282 F.3d at 88. That analysis follows.

Coffey principally relies on a New York Court of Appeals case from 1879, Hay v. Star Fire Insurance Co., 77 N.Y. 235 (1879). As summarized more recently by the Second Circuit:

---

[2]Neither party points to a choice-of-law provision in the insurance contract and both parties apply New York law in their memoranda. This sufficiently establishes that state's law as applicable to this case. See Motorola Credit Corp. v. Uzan, 388 F.3d 39, 61 (2d Cir. 2004) (implied consent to New York law sufficiently answers choice-of-law question).

> In Hay, the plaintiff was insured against fire by defendant Star Fire Insurance on her interest as a mortgagee in property. After increasing the size of the mortgage from $2500 to $3000, plaintiff applied to Star for a renewal of the policy, to which Star agreed. Without advising the plaintiff, however, Star inserted into the renewal a subrogation clause, providing that in the event of a loss, plaintiff would assign to defendant her right to be compensated by other parties, and defendant would be liable on the policy only to the extent she had not already been adequately compensated for her loss by those other parties.

Amex Assurance Co. v. Caripides, 316 F.3d 154, 161 (2d Cir. 2003) (internal citation omitted).

The Hay court ultimately found that:

> It was bad faith on the part of the defendant to change so radically the terms of the policy, and deliver it as a policy simply renewing the old one, without notice of the change. A party, whose duty it is to prepare a written contract, in pursuance of a previous agreement, to prepare one materially changing the terms of such previous agreement and deliver it as in accordance therewith, commits a fraud which entitles the other party to relief according to the circumstances presented. Equity will reform a written instrument in cases of mutual mistake, and also in cases of fraud, and also where there is a mistake on one side, and fraud on the other.

Hay, 77 N.Y. at 240.

Coffey therefore argues that his case mirrors that of Hay, because his claim is that through a renewal policy, Atlantic reduced his coverage without providing notification. Thus, he continues, he has sufficiently alleged that Atlantic perpetrated a fraud requiring that the contract be reformed.

Atlantic provides no direct response to this argument. Although Hay is 133 years old, Atlantic does not dispute its authoritativeness. It does not raise questions about it being overturned by statute or subsequent case law. It does not try to distinguish it on factual

5

grounds. In fact, it ignores Coffey's argument entirely and does not even mention the case in any of its memoranda.

This Court's own research reveals that the principle outlined in Hay is still good law. As noted above, the Second Circuit recently applied Hay and while the court found it factually inapplicable to the case before it, the Appeals Court conveyed no misgivings about its consonance with contemporary New York law. Indeed, the holding in Hay accords with generally accepted insurance principles and recent holdings in New York. See, e.g., 2 Steven Plitt, et al., Couch on Insurance § 27:79 (3d ed. 2011) ("If there is a change in the conditions or terms of the renewal policy, it is the duty of the insurer to call attention to the change, and if the latter fails to do so, the renewal contract is subject to reformation by the courts of equity to make it conform to the original contract."); State Farm Mut. Auto. Ins. Co. v. Guarascio, 153 Misc. 2d 485, 487-88, 582 N.Y.S.2d 605 (Sup. Ct. 1992) (finding that, in accordance with Hay, insurance policies are not regularly read by insureds and therefore changes in renewal policies must be accompanied with independent notification); Allstate Ins. Co. v. Young, 265 A.D.2d 278, 280, 696 N.Y.S.2d 189 (2d Dep't 1999) (old policy still in effect where insurance company failed to notify insured of amendments in renewed policy).

Although Atlantic does not address Hay or the principle articulated therein, it does argue that Coffey has failed to meet the pleading standard of Fed. R. Civ. P. 9(b), which requires that a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." But this Court has no trouble concluding, based on the unopposed authority, that Coffey has met this requirement. Coffey alleges, with all the particularity necessary, that Atlantic changed the terms of his policy without independent

6

notification. To the complaint, he also attaches his three different insurance policies and their varied terms regarding the assault and battery exclusion. Under Hay and its progeny, this adequately states a claim for fraud and resultant reformation of contract.[3]

Atlantic also argues that granting Coffey leave to amend his answer would be futile because it is exempt from New York Insurance Law § 3426 as a "surplus lines" carrier. But it does nothing more than state this as though it were self-evident, and does not even define the law or attempt to explain why it is exempt from it.[4] Without relevant argument or authority, this Court will not rule as a matter of law that Atlantic is (1) exempt from the law, or even that (2) the law is applicable in this case.[5]

Finally, Atlantic argues that Coffey has impermissibly dressed up a contract claim as a fraud claim. But this is not a case where Atlantic simply "never intended to perform the precise promises spelled out in the contract," see Telecom Int'l Am. Ltd. v. At&T Corp.,

---

[3]This Court notes that the court in Hay stressed the materiality of the change. Whether the change here was material has not been briefed and that issue will therefore not be considered at this time.

[4]The entirety of Atlantic's "argument" is represented below:

> Mr. Coffey's fraud claim is also implausible. Atlantic is a surplus lines carrier and, therefore, is not obligated to comply with N.Y. Ins. Law § 3426 with respect to changes in insurance coverage. Therefore, a claim against Atlantic rooted in its non-compliance with § 3426 is futile because that law is inapplicable to Atlantic in the first instance.

(Atlantic's Memorandum of Law in Opposition to Coffey's Motion for Leave to Amend, p. 7; Docket No. 36-2.)

[5]Subsection (I)(2) of Insurance Law § 3426 does state that "this section shall not apply to . . . policies written on an excess line basis." But it remains unclear, at best, whether that subsection applies to Atlantic as a "surplus lines" carrier. Coffey notes that "excess insurance [is] parlance [for] insurance providing protection over an underlying policy." (Coffey Reply Memorandum in Support of Leave to Amend, p. 6; Docket No. 37.) This is not the type of policy at issue here and thus this exception appears unhelpful to Atlantic.

Moreover, it not clear at this time whether Coffey must bring his counterclaim under § 3426 or whether he can maintain a common-law right of action under Hay and its progeny. If it is latter, he would not be barred by any exemption found in Insurance Law § 3426 even if Atlantic were protected by it.

280 F.3d 175, 196 (2d Cir. 2001) (applying New York law), in which case, the fraud claim would be barred. Instead, the allegation is that Atlantic "materially chang[ed] the terms of [a] previous agreement and deliver[ed] it as in accordance therewith." See Hay, 77 N.Y. at 240. If proven, Atlantic has "commit[ted] a fraud which entitles the other party to relief according to the circumstances presented." Id.

Consequently, Coffey has adequately pled his claim and because amending his answer would not be futile, nor would it unduly prejudice Atlantic, his motion is granted while Atlantic's motion is denied.

## IV. CONCLUSION

For the foregoing reasons, Coffey will be granted leave to amend his answer and Atlantic's motion to dismiss will be denied.

## V. ORDERS

IT HEREBY IS ORDERED, that Atlantic's Amended Motion to Dismiss (Docket No. 24) is DENIED.

FURTHER, that Coffey's Motion for Leave to Amend (Docket No. 31) is GRANTED.

FURTHER, that Coffey has until March 19, 2012, to file his Second Amended Answer.

SO ORDERED.

Dated:        March 8, 2012
              Buffalo, New York


                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                           Chief Judge
                                    United States District Court