UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ATLANTIC CASUALTY INSURANCE CO.,

            Plaintiff,

v.                                      **DECISION AND ORDER**
                                                   11-CV-170S

THEODORE J. COFFEY d/b/a TJ COFFEY'S,
JAMES M. BURKE, and RICHARD FULLER,

            Defendants.

## I. INTRODUCTION

In this diversity action, Plaintiff Atlantic Casualty Insurance Co. ("Atlantic") seeks a declaration that it is not obligated to defend or indemnify its insured, Defendant Theodore Coffey, in an underlying lawsuit in New York State Supreme Court, County of Erie.

Presently before the Court are Defendant Coffey's Motion for Summary Judgment (Docket No. 46) and Atlantic's Cross-Motion for Summary Judgment (Docket No. 54). For the reasons set forth below, Coffey's motion is denied and Atlantic's cross-motion is granted.

## II. BACKGROUND

**A.    The Facts**

Theodore J. Coffey owns a tavern called TJ Coffey's, located in Buffalo, New York. Atlantic, a corporation with its principal place of business in North Carolina, issued the following commercial general liability policies to Coffey:

1

Policy No. L036001809, for the period January 4, 2006 to January 4, 2007

Policy No. L036002489 for the period January 4, 2007 to January 4, 2008

Policy No. L036003049 for the period January 4, 2008 to January 4, 2009

Policy No. L036003619 for the period January 4, 2009 to January 4, 2010

Policy No. L036004181 for the period January 4, 2010 to January 4, 2011.

The initial 2006-07 policy contained an endorsement entitled "EXCLUSION—ASSAULT AND/OR BATTERY," form AGL–046 01/03, which states in relevant part:

1. This insurance does not apply to and we have no duty to defend any claims or "suits" for "bodily injury" "property damage" or "personal and advertising injury" arising in whole or in part out of:

    a) the actual or threatened assault or battery whether caused by or at the instigation or direction of any insured, his employees, patrons or any other person;

    b) the failure of any insured or anyone else for whom any insured is legally responsible to prevent or suppress assault or battery;

    \* \* \* \* \*

2. For the purpose of this endorsement, the words, "assault and/or battery" are intended to include, but are not limited to, sexual assault.

3. Exclusion 2.a. of the Commercial General Liability Coverage Form is deleted in its entirety and replaced by the following:

    (a) "bodily injury" or "property damage" expected or intended from the standpoint of any insured.

Docket No. 47-7.) This particular endorsement was twice revised. The 2008-09 policy contained Assault and/or Battery exclusion form AGL-046 01/07 (Docket No. 48-5), and the 2009-10 and 2010-11 policies contained Assault and/or Battery exclusion form AGL-046 Edition 1/08 (Docket Nos. 49; 49-6).

2

On August 8, 2010, James Burke and Richard Fuller, patrons at TJ Coffey's, became engaged in an altercation. While inside the tavern, Burke assaulted and stabbed Fuller with a knife, and was later arrested in connection with the stabbing. TJ Coffey's reported the incident to Atlantic on August 31, 2010. By letter dated September 22, 2010, Atlantic denied coverage.

On January 6, 2011, Fuller commenced an action against Burke and TJ Coffey's in Supreme Court, County of Erie, Index No. 2011-0075. (Docket No. 54-4). By letter dated February 10, 2011, Atlantic reaffirmed its denial of coverage. In both of its disclaimer letters, Atlantic states that its investigation revealed the incident involved patrons of TJ Coffey's, and Coffey's policy "does not provide coverage for injuries arising in whole or in part out of; the actual or threatened assault or battery whether caused by or at the instigation or direction of any insured, his employees, patrons, or any other person." (Docket Nos. 49-7 at 5; 49-8 at 6.) The relevant provisions of the Edition 1/08 assault and battery exclusion to the 2010-11 policy state that:

1. This insurance does not apply to and we have no duty to defend any claims or "suits" for "bodily injury", "property damage" or "personal and advertising injury" arising in whole or in part out of:

    a) the actual or threatened assault and/or battery whether caused by or at the instigation or direction of any insured, his employees, patrons or any other person;

    b) the failure of any insured or anyone else for whom any insured is legally responsible to prevent or suppress assault and/or battery;

    \* \* \* \* \*

2. For the purposes of this endorsement, the words, "assault and/or battery" are intended to include, but are not limited to, sexual assault.

3

>    3.   For the purposes of this endorsement, the words, "assault and/or battery" are intended to include, but are not limited to, injury of any kind resulting from the use, or threatened use, of a gun, firearm, knife or weapon of any kind.[1]

(Docket No. 49-6.) Atlantic also concluded that Coffey's policy does not cover any claim of punitive or exemplary damages, and "does not provide coverage for any '*Bodily injury*' expected or intended from the standpoint of any insured." (Docket Nos. 49-7 at 5; 49-8 at 6.)

**B.   Procedural History**

Atlantic filed the instant action on March 1, 2011, and seeks a declaration that it is not obligated to defend or indemnify Coffey in the underlying state court action. Coffey answered the complaint and asserted seven affirmative defenses, which he also denotes as counterclaims. Therein, he alleges that Atlantic's unilateral changes to the assault and battery exclusion reduced his coverage without notice in violation of New York State Insurance Law § 3426, and that Atlantic's actions constitute fraud and entitle him to reformation of the policy. He seeks a declaration that Atlantic is obligated to defend and indemnify him in the underlying suit.

Following discovery in the underlying state court action, Coffey filed his Motion for Summary Judgment on May 2, 2012, and Atlantic filed its Cross-Motion on June 18, 2012. Both motions are fully briefed, and the Court has determined there is no need for oral argument.

---

[1] Paragraph 3 first appeared in exclusion form AGL-046 01/07.

## III.  DISCUSSION

A.	**The Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under governing law." *Id*.

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion."  Addickes v. S.H. Kress and Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970).  But to defeat a motion for summary judgment, a party asserting that a fact "is genuinely disputed must support the assertion by: [ ] citing to particular parts of materials in the record, . . . or [ ] showing that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  In short, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).  "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

**B.	The Parties' Arguments**

Coffey maintains that Atlantic is obligated to defend and indemnify him because: 1) from his standpoint, the incident was an "accident" and claims arising from it do not fall within an "expected and intended" exclusion; 2) Atlantic's unilateral changes to the terms of the assault and battery exclusion broaden the scope of the exclusion, constitute fraud, violate Insurance Law § 3426(e), and entitle Coffey to reformation; and 3) Atlantic erroneously relied on the altered assault and battery exclusion to deny coverage, in violation of Insurance Law § 3420(d), and, in doing so, waived its right to rely on the earlier version.

Atlantic, on the other hand, contends it is entitled to a declaratory judgment because: 1) it is irrelevant whether or not the underlying incident is deemed an accident; 2) the changes made to the assault and battery exclusion did not reduce Coffey's coverage and so do not violate any statutory or common law duty; and 3) even assuming the earlier version of the exclusion were applicable, coverage for Fuller's injuries would still be barred.

**C.	Analysis**

There are two exclusions at issue. Because the "expected and intended" exclusion becomes relevant only if it is determined that the "assault and battery exclusion" does not apply, the Court will address the latter first.

Coffey contends that Atlantic's 2007 substitution of a new paragraph 3 in the assault and battery exclusion (expressly excluding coverage for injury resulting from the use or

6

threatened use of a weapon), along with its 2008 addition of subparagraphs 1.(d)-(g),[2] broadened the assault and/or battery exclusion, and concomitantly reduced his available coverage, to his detriment.  Relying primarily on Hay v. Star Fire Ins. Co., 77 N.Y. 235 (1879), Coffey first argues that these unilateral changes, which he claims were made without notice, constitute fraud under New York law and entitle him to the equitable remedy of reformation.

A brief discussion of Hay is in order.  In that case, the plaintiff insured her interest as mortgagee in the amount of a $2,500 mortgage.  A few months after purchasing the policy, the plaintiff loaned the mortgagors $500, secured by another mortgage, and sought to renew the insurance policy for the increased amount of $3,000.  The defendant agreed, and issued a renewal policy to which it added a subrogation provision.  The plaintiff did not discover the policy change until after a fire took place.  The initial policy had been written for the benefit of the mortgagors with amounts received on the policy to be applied to reduce the mortgage debt.  The added subrogation clause made the defendant a mere guarantor of collection of the mortgage, which the court described as a "contract practically

---

[2] Expressly excluding coverage where:

> d) any actual or alleged injury arises of of any combination of an assault and/or batter-related cause and a non-assault or battery-related cause;
>
> e) any actual or alleged injury arises out of a chain of events which includes assault and/or battery, regardless of whether the assault and/or battery is the initial precipitating event or a substantial cause of injury;
>
> f) any actual or alleged injury arises out of assault and/or battery as a concurrent cause of injury, regardless of whether the assault and/or battery is the proximate cause of injury; or
>
> g) claims arising out of, caused by, resulting from, or alleging, in whole or in part, any insured's failure to thwart, foil, avoid, hinder, stop, lessen or prevent any attack, fight, assault and/or battery, theft, or crime.

of no benefit either to the insured or the mortgagors." 77 N.Y. at 240. The court concluded that the two policies were materially unlike and "[i]t was bad faith on the part of the defendant to change so radically the terms of the policy, and deliver it as a policy simply renewing the old one, without notice of the change." *Id*.

Atlantic maintains that Coffey's reliance on Hays is inapposite here, and this Court agrees. I first note that the clause Atlantic relied on to disclaim coverage—paragraph 1.(a) of the assault and/or battery exclusion—remained unchanged from the initial policy through the 2010-2011 policy year. Coffey makes no attempt to explain how Atlantic's reliance on an unaltered provision constitutes fraud.

The Court assumes Coffey intends to argue that, so long as Atlantic altered the policy language in any respect, reformation is required; the fact that Atlantic did not rely on the altered or amended language to disclaim coverage is irrelevant. However, Hays does not stand for such a proposition. There, the court directed reformation after the defendant expressly relied on the newly-added language, of which it had given no notice. 77 N.Y. at 240 (plaintiff would have recovered under initial policy, but no recovery after new clause added); *see also,* Janes v. N.Y. Cent. Mut. Ins. Co., 281 A.D.2d 982 (4th Dep't 2001) (rejecting insurance company's reliance on altered language in vacancy exclusion to deny coverage). At the outset, then, the instant case is distinguishable.

And even were the Court to consider the alterations to the assault and/or battery exclusion as a whole, Coffey's counterclaim would still be subject to dismissal. Atlantic contends, and the Court agrees, that the alterations to this exclusion do not reduce available coverage and so do not meet the materiality requirement for reformation.

With regard to the addition of paragraph 3, Coffey wisely does not argue that, but

for that paragraph, Fuller's claims relative to his stabbing would not fall within paragraph 1.(a) of the assault and/or battery exclusion. Similarly, Coffey does not attempt to explain how subparagraphs 1.(d)-(g), none of which Atlantic relied on, expand the scope of the assault and battery exclusion. Paragraph 1.(a), which remained unaltered, excludes claims that arise, in whole *or in part*, from an assault and/or battery. The added subparagraphs (d) through (g) cannot reasonably be read as anything other than examples of circumstances where injuries will be construed as arising "in part" from an assault and/or battery, thus falling within the exclusion—(d) an assault combined with a non-assault cause, (e) a chain of events that includes an assault, (f) two or more concurrent causes, one of which is an assault, and (g) an assault and an alleged failure to intervene or prevent. Coffey has advanced no explanation at all, much less a persuasive one, for his claim that these are material revisions that effected a reduction in his coverage.

Coffey also maintains that New York Insurance Law § 3426 provides him a remedy separate from, but identical to, that created by Hay. He cites the following statutory language in support:

> A covered policy shall remain in full force and effect pursuant to the same terms, conditions and rates unless written notice is mailed or delivered by the insurer to the first-named insured, at the address shown on the policy, and to such insured's authorized agent or broker, indicating the insurer's intention:
>
> * * * * *
>
> (B) to condition its renewal upon . . . reduction of coverage . . . .

N.Y. INS. LAW § 3426(e)(1)(B).

Atlantic, in its cross-motion, argues that this provision is inapplicable "because the assault and battery exclusion contained in TJ Coffey's original policy is just as broad in

9

scope as the assault and battery exclusion in its most recent policy." (Docket No. 58 at 18.) As the Court already has determined as much, it must also conclude that Atlantic did not violate § 3426. Having found no justification for Coffey's request for reformation of the policy, his motion seeking summary judgment on his counterclaims is denied, and Atlantic's cross-motion is granted. In light of the foregoing, Coffey's remaining arguments are moot.

## IV. CONCLUSION

For the reasons stated, Plaintiff's Motion for Summary Judgment is denied and Defendant's Cross-Motion is granted in its entirety. Atlantic is not obligated to defend or indemnify TJ Coffey's in the underlying state court action brought by Fuller.

## V. ORDERS

IT HEREBY IS ORDERED that Plaintiff Coffey's Motion for Summary Judgment (Docket No. 46) is DENIED;

FURTHER that Defendant Atlantic's Cross-Motion for Summary Judgment (Docket No. 54) is GRANTED;

FURTHER that the Clerk of Court is directed to take all steps necessary to close this case.

SO ORDERED.

Dated: December 31, 2012
Buffalo, New York

    /s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court